## PEOPLE v. COATES.

1. CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.
   Evidence of the commission of another offense by defendant cannot be admitted for the purpose of showing that the defendant is more likely to have committed the offense for which he is on trial.

2. SAME—EVIDENCE—BAD CHARACTER—PRIOR BAD ACTS.
   The previous life and character of a witness in a criminal trial can be inquired into within the discretion of the court, but the inquiry cannot be made solely to create prejudice in the minds of the jurors against the accused without reason.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence § 320.
[3] 29 Am Jur 2d, Evidence § 322.

3. SAME—EVIDENCE—PRIOR ASSOCIATION WITH CRIMINALS—IDENTI-
FICATION.

Trial court's permitting a police officer to testify that he had
seen defendant, charged with breaking and entering an oc-
cupied dwelling, together with a man who admitted guilt in
the crime on occasions before the crime, *held*, to be no abuse
of discretion, since the testimony was given for the purpose
of identifying defendant and not for implying that the de-
fendant and the guilty man had associated to commit other
crimes or that the defendant had a bad character (CL 1948,
§ 750.110, as amended by PA 1964, No 133).

Appeal from Wayne, Dingeman (Harry J., Jr.),
J. Submitted Division 1 March 4, 1968, at Detroit.
(Docket No. 3,622.) Decided May 29, 1968.

Robert Alex Coates was convicted of breaking
and entering an occupied dwelling. Defendant
appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-
pellate Lawyer, and *Barbara K. Hackett*, Assistant
Prosecuting Attorney, for the people.

*Steven E. Goodman* (now deceased) and *Robert
H. Golden*, for defendant on appeal.

FITZGERALD, J. Two police officers saw 2 men
taking a console television set out the front door
of the house of the complainant in Grosse Pointe
Woods about 8 p.m., April 2, 1966. The officers
were standing about 20 yards from the men. One
officer shined his flashlight on the 2 men. The men
ran back into the house. The officers arrested
Bernard Vinson immediately, the other man fleeing
over a fence at the back of the premises. Other
officers began investigating the backyards of homes

on the next street and one officer found defendant
Coates hiding under some bushes. The 2 officers
who first observed the incident both testified at the
trial that they clearly identified defendant Coates
as being 1 of the 2 men carrying the television set.
The people called Vinson, who had already been
convicted of breaking and entering, and he testified
that defendant Coates had gotten out of Vinson's
car before the event and that Vinson had done the
act himself without the assistance of defendant. He
also testified that he had known Coates for 4 1/2 to
5 years. Another police officer testified that he had
seen Vinson and Coates together on other occasions.
Defendant was convicted by a jury of breaking and
entering an occupied dwelling.*

Defendant charges that the trial court erred in
permitting testimony by a police officer regarding
his observation of defendant and Vinson together
on occasions prior to the crime as identification of
defendant. The prosecution, defendant contends,
has attempted to establish the identification of de-
fendant through association with another person
who admitted guilt in the crime. The defendant
fears that the jury was then free to infer that these
prior identifications were made by the officer in the
course of police business so as to lead the jury to
believe that the 2 men were in the habit of commit-
ting crimes together.

Defendant says that this is a subtle violation of
*People* v. *Williams* (1965), 2 Mich App 91, which
states the well-settled rule that evidence of other
crimes cannot be admitted to show that the defend-
ant was more likely to have committed the offense
charged. He alleges that the people are attempting
to show that he is of bad character by reason of
his association with a companion who was convicted

* CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann
1968 Cum Supp § 28.305).

on evidence arising out of the same fact situation in which he is now being charged. Defendant also says that this creates a collateral issue and that the prosecution may not attack the character of the accused when the accused does not take the stand. We find no direct attempt by the people to place the character of the defendant in issue. The fact that Vinson also testified that the 2 men had gone to the scene of the incident together is directly relative to the present case.

We are cited to the case of *Buel* v. *State* (1899), 104 Wis 132 (80 NW 78), where the accused was cross-examined in a manner which tended to draw out his past criminal behavior and bad character. We reproduce part of that decision to show its irrelevance to this case (p 146):

"Questions relating to mere criminal charges or acts which might be the foundation for criminal prosecutions are usually rejected. They should not be permitted unless there are circumstances in the case suggesting that justice will or may be promoted thereby."

It is clear in the present case that there were no questions of this type asked Vinson concerning the defendant. The *Buel* court continued (p 147):

"The general rule, that the previous life and character of a witness can be inquired into, must be preserved, and the broad discretionary power of trial courts in administering such rule fully recognized. The trouble here is that the cross-examination was allowed to be carried on manifestly without any reason except to create prejudice against the accused in the minds of the jurors. It was well calculated to have that effect and to bear materially on the ultimate result, especially since the whole case rested on circumstantial evidence."

It is apparent that this case is not *in pari materia* with the case at bar, although the discussion is pertinent. No testimony was taken which could reasonably lead the jury to infer that the defendant had been associated with Vinson for the purpose of committing other crimes. We agree with the people that this testimony as to past associations between the defendant and Vinson did not mention crimes committed by them and that, in addition, there was sufficient other evidence on the part of defendant in this case to support the decision of the jury. We find no reference to, and no reasonable inference of, any bad character of the defendant which would prejudice his right to a fair trial by jury.

Affirmed.

T. G. KAVANAGH, P. J., and BURNS, J., concurred.