PEOPLE *v.* GRINER

1. Witnesses — Additional Witnesses — Indorsement — Court Leave — Statutes.

   Additional witnesses may be indorsed on an information before or during trial by leave of the court upon such conditions as the court determines (MCLA § 767.40).

2. Witnesses—Additional Witnesses—Indorsement—Appeal and Error—Standard of Review—Burden of Proof.

   The question for appellate courts in reviewing an indorsement of additional witnesses on an information is whether the trial court abused its discretion in permitting that indorsement, and the party asserting such an abuse ordinarily has the burden of proving it (MCLA § 767.40).

3. Homicide—First-Degree Murder—Deliberation and Premeditation—Inferences—Bases.

   The deliberation and premeditation needed to support a first-degree murder conviction can be inferred from the character of the weapon used, the wounds inflicted, the circumstances surrounding the killing, the acts, conduct, and language of the defendant before and after the killing, and the improbability of the story told by the defendant.

4. Homicide—First-Degree Murder—Deliberation and Premeditation.

   Evidence that the defendant charged with the first-degree murder of his ex-wife shot her when she was either running away

---

References for Points in Headnotes

[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[3, 4] 40 Am Jur 2d, Homicide §§ 44–48, 52.
   Homicide: identification of victim as person named in indictment or information. 86 ALR2d 722.
   Homicide: presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.
[5] 29 Am Jur 2d, Evidence § 612.
[6] 29 Am Jur 2d, Evidence § 293.
[7] 40 Am Jur 2d, Homicide §§ 519–521.
[8] 31 Am Jur 2d, Expert and Opinion Evidence §§ 42, 43.

from him or lying on the ground, that the deceased had no weapon, and that she was shot twice with a shotgun in the back was sufficient to support an inference of deliberation and premeditation.

5. CRIMINAL LAW—WARNING OF RIGHTS—VOLUNTEERED STATEMENTS —CONSTITUTIONAL LAW.

Volunteered statements of any kind by a defendant are not inadmissible even though the defendant has not been advised of his constitutional rights; a defendant need be advised of his constitutional rights only if questioning has been initiated by law enforcement officers after the defendant has been taken into custody or otherwise deprived of his freedom.

6. HOMICIDE—EVIDENCE—DECEASED'S PREVIOUS THREATS—ADMISSIBILITY—SELF-DEFENSE—HEARSAY.

Testimony of previous threats by the deceased against the defendant, on trial for murder, is admissible where the defense is self-defense; however, where the facts elicited during the defendant's trial do not support a theory of self-defense, the previous threats by the deceased are inadmissible as hearsay evidence.

7. HOMICIDE—DEFENSES—SELF-DEFENSE—INSTRUCTION TO JURY— ERROR IN DEFENDANT'S FAVOR.

Giving an instruction to the jury on self-defense over the prosecution's objection was error where the evidence at the defendant's trial for murder did not support a theory of self-defense; however, such error, being in the defendant's favor, is not one he can complain of.

8. EVIDENCE—HEARSAY—EXPERT WITNESS—PSYCHIATRIST'S TESTIFYING—BASIS OF OPINION.

Preventing a psychiatrist from testifying as an expert as to statements made to him by the defendant's daughter when these statements formed part of the basis of his expert opinion was not error where the psychiatrist was allowed to state that his opinion was based partly on a brief interview with the daughter, because the statements were hearsay.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 December 11, 1970, at Detroit. (Docket No. 8199.) Decided February 17, 1971.

George W. Griner was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Donald E. Gratrix* (by *James C. Howarth*), for defendant.

Before: DANHOF, P. J., and HOLBROOK and VANDER WAL,* JJ.

DANHOF, P. J. The defendant was convicted by a jury of murder in the first degree, MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). He now appeals that verdict alleging several errors.

At 8 p.m. on July 16, 1968 the defendant shot his ex-wife Alma with a shotgun. The defenses were temporary insanity and self-defense. Several neighbors testified that they saw the defendant shoot the deceased. There was some variation in the testimony as to whether he shot her as she was running away from him or as she was lying on the ground. The defendant said he couldn't remember what happened after the deceased started running. The deceased had no weapon with her. The pathologist stated that Mrs. Griner was 4 feet 11 inches tall and weighed 105 pounds. He said she died from two shotgun wounds in her back.

The first error alleged is that a non-*res gestae* witness known to the prosecution long before trial but not indorsed on the information until the date of trial should not have been allowed to testify

---

* Circuit judge, sitting on the Court of Appeals by assignment.

against the defendant. The prosecutor stated that the reason for the delay in adding the witness, the defendant's daughter, was that the police were not aware of what she was going to testify to until a short time before the date of the trial. The objection of the defense was that they only had seven days' notice of the motion to indorse.

MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980) provides that names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine. The ultimate question for a reviewing court is whether the trial court abused its discretion, with the burden ordinarily on the party asserting the abuse. *People* v. *Talison* (1970), 21 Mich App 459. The defendant has shown no prejudice resulting from the late indorsement. We find no abuse of the trial court's discretion.

Next the defendant argues that the facts in this case do not demonstrate sufficient evidence of premeditation and deliberation to support a first degree murder conviction. Deliberation and premeditation can be inferred from the character of the weapon used, the wounds inflicted, the circumstances surrounding the killing, the acts, conduct, and language of the accused before and after the killing, and the improbability of the story told by him. *People* v. *Wolf* (1893), 95 Mich 625. We have reviewed the evidence and we think it was sufficient to support a first-degree murder conviction. The Michigan cases cited by the defendant are factually distinguishable.

It is also argued that the defendant was not properly advised of his constitutional rights so that certain inculpatory statements allegedly made by him would be inadmissible into evidence. While we agree that Patrolman Plemmons' attempt to give

the *Miranda* warnings to the defendant was legally deficient, it does not follow that trial error was committed. The requirements set forth in *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974), apply to questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom. All of the statements in question were volunteered. Volunteered statements of any kind are not barred and their admissibility is not affected by the *Miranda* decision. One was made before the defendant was taken into custody. Some were made to relatives while the defendant was in custody in a police car at the scene of the crime, and one was a question the defendant asked of the police while riding to the police station. These statements were not the result of police interrogation. They were properly admitted into evidence.

Next it is contended that certain statements allegedly made by the deceased were improperly excluded on the grounds of hearsay. The defendant argues that testimony of previous threats by the deceased against the defendant was admissible where the defense was self-defense. That is an accurate statement of the law. *Brownell* v. *People* (1878), 38 Mich 732. The facts elicited during the trial did not support a theory of self-defense, and so the testimony of previous threats by the deceased was properly held inadmissible as hearsay evidence. *People* v. *Durham* (1912), 170 Mich 598. The trial court did give an instruction on self-defense over the objection of the prosecutor. We hold that that was error, but since it was in the defendant's favor he cannot complain about it. *People* v. *Collins* (1968), 380 Mich 131.

The last argument is that it was error for the trial court to prevent a psychiatrist from testifying

as an expert as to statements made to him by a relative of the defendant when these statements formed part of the basis of the expert's opinion. The psychiatrist was allowed to state that his opinion was based on an examination of the defendant and the social history he obtained in a rather brief interview with the defendant's daughter. The prosecutor objected to the psychiatrist relating what the daughter told him on the ground that it was hearsay. We find no error in the court's sustaining that objection.

Affirmed.

All concurred.