PEOPLE *v.* FREEMAN

1. EVIDENCE—HEARSAY RULE—EXCEPTIONS—MENTAL STATE.
   A hearsay statement concerning the then existing mental state of declarant is admissible as an exception to the hearsay rule where the declarant's state of mind is relevant.

2. CRIMINAL LAW—EVIDENCE—HEARSAY RULE—EXCEPTION—MENTAL STATE.
   The statement of the deceased, killed by the defendant, that he was frightened when he saw defendant's car was properly admitted as mental state testimony where the defendant claimed self-defense and where the deceased's fright indicates that the deceased was not the aggressor.

3. HOMICIDE—EVIDENCE—PRIOR THREATS—SELF-DEFENSE.
   Evidence of prior threats is admissible where a defendant has claimed self-defense.

4. HOMICIDE—EVIDENCE—PRIOR THREATS—SELF-DEFENSE.
   Testimony concerning threats made by the defendant on deceased's life and on the deceased's brother's life three days before the defendant killed the deceased were admissible where the defendant had claimed self-defense.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 February 8, 1971, at Detroit. (Docket No. 9811.) Decided April 1, 1971. Leave to appeal denied, 386 Mich 775.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 497, 650.
[3, 4] 29 Am Jur 2d, Evidence § 293.
   Admissibility of evidence of uncommunicated threats on issue of self-defense in prosecution for homicide.   98 ALR2d 6.
   Admissibility of evidence of uncommunicated threats on issue of self-defense in prosecution for assault.   98 ALR2d 195.

James Hill Freeman was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: Danhof, P. J., and Holbrook and Bronson, JJ.

Per Curiam. The defendant was charged with first-degree murder of Lewis Mitchell. After a trial by jury he was convicted of manslaughter. MCLA § 750.321 (Stat Ann 1954 Rev § 28.553). He now appeals raising three issues.

In August of 1968 William Walker and Lewis Mitchell were driving in Walker's Cadillac when they saw the defendant in another car. Walker pulled into a corner gas station and the defendant followed. Walker testified that the defendant left his vehicle and approached Walker's car complaining to the deceased, Lewis Mitchell, about $5 which had not been paid. The deceased put his hands on the dashboard and at this time the defendant began shooting with a .45-caliber gun which he was carrying in his hand. Several shots entered Mitchell and Walker was also wounded. Walker then drove to General Hospital in Hamtramck where Mitchell died shortly thereafter.

The defendant's theory was self-defense. He testified that his weapon was concealed and that he drew it and shot only after he saw Walker and

Mitchell draw pistols on him. He stated that after he shot he became frightened and ran to his car.

At trial William Walker testified that, when the deceased saw the defendant's car, the deceased stated that he was frightened because he was not supposed to be in the vicinity. The defendant contends that this testimony was admitted erroneously, because it is hearsay.

When the declarant's state of mind is relevant a statement of a presently existing mental state is admissible as an exception to the hearsay rule. In this case the declarant's mental condition was relevant because the fact that he was frightened tends to negate any idea that he was the aggressor.

Defendant contends that the trial court committed reversible error in not granting a mistrial when the prosecutor asked the witness whether he was afraid of anything. The trial court sustained the defendant's objection to the question and instructed the jury to disregard it. We do not believe that the remark was so prejudicial that, standing alone, it requires a new trial.

Defendant's final contention is that the trial court erred in permitting rebuttal testimony on a collateral matter. The prosecutor called as a rebuttal witness the brother of the deceased. Defense counsel moved that his testimony be barred because it concerned a collateral matter occurring three days before the murder. The court denied this motion and the witness then testified that three days before the incident defendant had threatened him with a gun and also stated that he would kill the deceased.

Evidence of prior threats is admissible when the defendant has raised an argument of self-defense. *People* v. *Ake* (1961), 362 Mich 134. Therefore, we find no reversible error.

Affirmed.