PEOPLE v SCOTT

1. CRIMINAL LAW—APPEAL AND ERROR—FINDINGS OF FACT—CONFESSIONS—VOLUNTARINESS.

A trial court's findings of fact at a hearing to determine the voluntariness of a defendant's statement to the police where amply supported by a record which does not leave the reviewing court with a definite and firm conviction that a mistake was committed must prevail.

2. EVIDENCE—HEARSAY—MENTAL STATE.

The trial court did not err in excluding proffered testimony concerning a past state of mind which was clearly hearsay because the exception to the hearsay rule applies only to declarations of present state of mind.

3. SEARCHES AND SEIZURES—EXCLUSIONARY RULE—STANDING.

A defendant has no standing to maintain a Fourth Amendment objection to the admission of certain real evidence which was seized pursuant to an allegedly invalid search warrant from the residence of his girlfriend when the record shows that the defendant lived elsewhere.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 January 4, 1973, at Lansing. (Docket No. 12768.) Decided January 18, 1973.

Herman Scott was convicted of breaking and

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 76.
[2] 29 Am Jur 2d, Evidence §§ 496, 497, 650.
Evidence of declarations of accused on issue of insanity. 8 ALR 1219.
[3] 29 Am Jur 2d, Evidence § 418.
Nature of interest in, or connection with, premises searched as affecting standing to attack legality of search. 78 ALR2d 246.
Interest in property as requisite of accused's standing to raise question of constitutionality of search and seizure. 96 L Ed 68, s. 4 L Ed 2d 2002.

entering with intent to commit a felony. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Judd R. Spray,* Assistant Prosecuting Attorney, for the people.

*James R. Neuhard,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and R. B. BURNS and C. J. BYRNS,* JJ.

PER CURIAM. Defendant appeals by right from his jury-based conviction of breaking and entering a business establishment with felonious intent. MCLA 750.110; MSA 28.305. Two issues are presented for our consideration.

First, were the trial court's findings of fact at the *Walker*[1] hearing to determine the voluntariness of defendant's statement to the police clearly erroneous? The testimony was in conflict; the trial judge, who saw and heard the witnesses, was in the best position to judge their credibility. We have examined the entire record, *People v Stanis,* 41 Mich App 565, 576 (1972), and we are not left with a definite and firm conviction that a mistake was committed. *Cf. People v Hubbard,* 19 Mich App 407, 413 (1969). The trial court's findings are amply supported by the record, *People v Yacks,* 38 Mich App 437, 440 (1972), and must therefore prevail. Moreover, the trial judge correctly excluded the testimony of Mr. Edwards; the proffered testimony was clearly hearsay (statement of *past* state of mind), and not within the scope of any

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Walker,* 374 Mich 331 (1965).

recognized exception to the hearsay rule. *Cf. People v Freeman,* 32 Mich App 321, 323 (1971) (exception for declarations of *present* state of mind); McCormick, Evidence (2d ed), §§ 294–296, pp 694–704.

Second, did the trial court err in overruling defendant's objection to the admission of certain real evidence, seized pursuant to an allegedly invalid search warrant from the residence of defendant's girlfriend? The answer must be "no". Defendant, who, the record shows, lives elsewhere, has no standing to maintain this Fourth Amendment objection. *People v Joshua,* 32 Mich App 581, 585 (1971).

Affirmed.