PEOPLE v LEFFEW

1. CRIMINAL LAW—COMPETENCE TO STAND TRIAL—MENTAL COMPE-
TENCY—PSYCHIATRIC EVALUATION—DIAGNOSTIC FACILITIES—
COURT RULES.

The provision in a court rule which states that when a defendant
files a proper and timely motion for forensic psychiatric evalua-
tion the court shall order the defendant committed for evalua-
tion is mandatory; a trial court's failure to order a defendant
committed to a diagnostic facility certified by the Department
of Mental Health for a forensic psychiatric evaluation after
such a proper and timely motion is reversible error (GCR 1963,
786.3).

2. CRIMINAL LAW—EVIDENCE—VOLUNTARY STATEMENTS—MIRANDA
RULE.

Purely voluntary statements made by a defendant to police
officers at the time of an arrest do not come within the
*Miranda* rule.

3. CRIMINAL LAW—EVIDENCE—VOLUNTARY STATEMENTS—CUSTODIAL
INTERROGATION.

A police officer's single question which was a natural and sponta-
neous reaction to a defendant's own volunteered statement,
with no further questions being asked, does not constitute
custodial interrogation, where such question was initiated or
prompted by the defendant's statement and was not calculated
to elicit evidence against the defendant.

Appeal from Kalamazoo, Lucien F. Sweet, J.
Submitted Division 3 January 8, 1975, at Grand
Rapids. (Docket No. 19279.) Decided February 12,
1975.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 48, 65, 69, 74.
[2, 3] 29 Am Jur 2d, Evidence §§ 555–557.

Clifford D. Leffew was convicted of larceny of over $100. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Robert L. Adams,* for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. Defendant was convicted by a jury of larceny of over $100, MCLA 750.356; MSA 28.588. He appeals his conviction as of right.

Two assignments of error are presented on appeal: (1) that the trial court erroneously denied defendant's written pre-trial motion for commitment to the Center for Forensic Psychiatry; (2) that the trial court erred in admitting as evidence, two statements made by defendant in response to custodial police interrogation, absent *Miranda* warnings.[1]

On July 30, 1973, some 2-1/2 months prior to trial, defendant's attorney filed a written motion to commit defendant to the custody of the Center for Forensic Psychiatry. It was claimed that defendant was incapable of comprehending his own condition in reference to the proceedings against him and was also incapable of assisting in his defense in a rational or reasonable manner. In short, said motion asserted defendant to be incompetent to stand trial. The motion was subsequently

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

argued before the court and denied on the basis there was no showing that defendant needed to go to the Forensic Center.

However, GCR 1963, 786.3 declares that, when a defendant moves to be committed to the Department of Mental Health, "the court *shall* order the defendant committed to a diagnostic facility certified by the Department of Mental Health for the performance of forensic psychiatric evaluation." (Emphasis supplied.) *People v Butler,* 43 Mich App 270, 282; 204 NW2d 325, 331 (1972), *rev'd on other grounds* in 387 Mich 756; 194 NW2d 827 (1972). The procedure detailed in the court rule is mandatory. *People v Howard,* 37 Mich App 662; 195 NW2d 289 (1972). See, also, *People v Jackson,* 40 Mich App 237; 198 NW2d 714 (1972).

In the present case defendant filed a proper and timely motion for forensic psychiatric evaluation. Under these circumstances it was reversible error for the trial court to deny defendant's motion. While not unaware of the majority opinion in *People v Sherman Williams,* 38 Mich App 370; 196 NW2d 327 (1972), we feel constrained to hold in accord with *Howard, supra,* which we believe to be the majority view of this court.

While our determination of the foregoing issue is dispositive of this appeal, we now address our attention to the second assignment of error set forth above. We do this because on retrial the same issue might well confront the court.

On August 9, 1973, a *Walker*[2] hearing was held to determine the admissibility of defendant's two statements made to police officers following his arrest. A review of the record of those proceedings shows that the defendant and one Henry Cobbins

[2] *People v Walker* (On Rehearing), 374 Mich 331; 132 NW2d 87 (1965).

were arrested and taken into custody by patrol-
man William Sparrow for unarmed robbery. Ap-
proximately one minute following their initial de-
tention, several other officers, including Officer
Ruthven, arrived at the scene to assist. At the
time of arrest and when the assisting officers
arrived, defendant had around his neck what was
described as a leather thong with some rings on it.
Officer Ruthven took hold of the same and looked
at it. At this point defendant stated, "Those are
not her rings". Officer Ruthven responded by ask-
ing, "Whose rings?". The defendant replied, "Who-
ever you're trying to accuse us of stealing from".
No further questions were asked. Up to this point
no mention had been made by police as to whom
defendant and Cobbins were suspected of having
robbed. *Miranda* warnings admittedly had not
been given.

The court ruled both statements admissible. The
first on the ground that it was a volunteered
statement and not in response to interrogation.
The second because it was in answer to a question
prompted by defendant's own volunteered state-
ment. Substantially the same statements were
subsequently testified to at defendant's trial.

We hold both statements to have been properly
admitted. The first was unquestionably voluntary.
Purely voluntary statements do not come within
the *Miranda* rule. *People v Moore,* 51 Mich App
48; 214 NW2d 548 (1974); *People v Griner,* 30 Mich
App 612; 186 NW2d 800 (1971); *People v McKee,*
28 Mich App 610; 184 NW2d 750 (1970).

With respect to defendant's second statement,
the issue for our determination is whether the
question asked by Officer Ruthven constituted
"custodial interrogation" within the meaning of
*Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L

Ed 2d 694 (1966). In defining "custodial interrogation" the Court in *Miranda, supra,* 444, stated:

"By custodial interrogation, we mean questioning *initiated* by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

It is not disputed that defendant was in custody when Officer Ruthven asked the question and defendant responded. Neither is there any question that defendant had not been given any *Miranda* warnings. In resolving the issue as to whether Officer Ruthven's question constituted "custodial interrogation" we must focus our attention on whether or not said question was initiated by Officer Ruthven or by some other cause. We believe the officer's question was initiated solely by defendant's previous volunteered statement. It was a natural and spontaneous reaction to defendant's own volunteered statement and not calculated to elicit evidence against the defendant. We hold therefore that a single question asked by a law enforcement officer with no further questions being asked does not constitute "custodial interrogation" if such question was initiated or prompted by the defendant's own previous volunteered statement and was not calculated to elicit evidence against the defendant. Both statements were properly ruled admissible.

For the reasons set forth in our resolution of the first issue above, this cause is reversed and remanded for a new trial.