PEOPLE v STEWART

1. Witnesses—Criminal Law—Indorsement of Witnesses—Judge's Discretion—Burden of Proof.

   Names of additional witnesses may be indorsed by the prosecutor before or during a trial by leave of the court; the ultimate question on review when considering a trial court's exercise of that authority is whether the trial court abused its discretion, with the burden ordinarily on the party asserting abuse.

2. Criminal Law—Continuance—Indorsement of Witnesses—Judge's Discretion.

   The granting to the defense of a continuance when a late indorsement of a witness is allowed is a matter of discretion.

3. Criminal Law—Continuance—Indorsement of Witnesses—Late Indorsement.

   Adequate grounds for a continuance because of the late indorsement of a prosecution witness were not established where the defendant, the court and the prosecution learned of the proposed testimony on the first day of trial, defense counsel was given a copy of the witness's criminal record and a previous presentence report, the witness was indorsed on the third day of trial and did not testify until the fourth day, and the defendant had ample opportunity to investigate and interview the witness.

4. Witnesses—Criminal Law—Indorsement of Witnesses—Late Indorsement—Prejudice.

   Permitting a prosecutor's indorsement of an additional witness during trial was not an abuse of discretion where the judge ordered a separate record made out of the presence of the jury and determined the testimony of the witness would not substantially alter defendant's trial strategy, the judge gave the

References for Points in Headnotes

[1] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[2–4] 41 Am Jur 2d, Indictments and Informations §§ 24, 56, 60.
[5] 21 Am Jur 2d, Criminal Law §§ 245, 253, 254.
[6] 75 Am Jur 2d, Trial § 119.
[7] 58 Am Jur, Witnesses § 869.

defendant the opportunity to recall the previous witnesses for further questioning, and defendant failed to show undue prejudice.

5. CRIMINAL LAW—SPEEDY TRIAL—DELAY OF TRIAL—APPEAL BY STATE.

The taking of an appeal by the state constitutes a good cause for delay in bringing a case to trial when the delay is within reasonable limits, and time consumed on appeal cannot be considered as denying a speedy trial.

6. CRIMINAL LAW—FAIR TRIAL—WITNESSES—FAVORS TO WITNESSES—CREDIBILITY—JURY.

A defendant was not denied a fair trial because of special favors conferred by the prosecution on its two principal witnesses where all of the benefits received by the witnesses were fully revealed to the jury for its consideration during its evaluation of the witnesses' credibility.

7. WITNESSES—CRIMINAL LAW—CREDIBILITY—COMPETENCE.

The fact that a witness had taken a cough medicine containing codeine ten hours before taking the stand goes only to the credibility and weight of the witness's testimony, not to the witness's competence.

Appeal from Livingston, Paul R. Mahinske, J. Submitted Division 2 April 17, 1975, at Lansing. (Docket No. 19024.) Decided May 27, 1975.

Wilburn D. Stewart was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Thomas Kizer, Jr.,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, by *William P. Weiner,* Special Assistant Attorney General, of counsel), for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: DANHOF, P. J., and BASHARA and D. E. HOLBROOK, Jr., JJ.

DANHOF, P. J. Defendant was convicted by a jury of murder in the first degree, MCLA 750.316; MSA 28.548. He was sentenced to life imprisonment, and he appeals alleging several errors in the conduct of his trial. We affirm.

Trial was originally scheduled to commence on September 26, 1973. However, the prosecutor sought leave in this Court to appeal from the trial court's order granting a motion to suppress a confession. On August 29, 1973 defense counsel made a demand for a speedy trial. This Court denied the application for leave and trial began on October 16, 1973.

At trial it was established that the body of Charles Harbaugh was found in a remote area in southern Livingston County. He had been shot numerous times in the head, neck and shoulders. Time of death was estimated at between 7 p.m. March 11, 1973 and 7 a.m. March 12, 1973. Tire track impressions taken at the scene led police to the purchaser of the tires, Paul Hassler. Hassler and decedent had been friends for some time. He and his girl friend, Carol Gorden, were arrested and they gave information to the police which resulted in the arrest of the defendant, Wilburn Dean Stewart. The defendant and the decedent worked at the same supermarket warehouse in Detroit.

According to Hassler's testimony, he was introduced by the decedent to the defendant from whom he began buying heroin. When Hassler went to the defendant on March 10, 1973 to make a purchase, the defendant indicated that Harbaugh owed him money. Hassler agreed to help arrange a meeting.

On March 11, Hassler asked Harbaugh if he wanted to go with him and his girl friend to

Livingston County to "rip off" a doctor's office. This was a pretext to get Harbaugh to a remote area where they were to meet the defendant who followed them in another car. The defendant and Harbaugh briefly discussed the debt, and as they were walking towards Hassler's car, the defendant fired a shot which struck Harbaugh in the arm. Hassler ran to his car and he and Carol Gorden fled the area; but not before they heard Harbaugh beg for his life, followed by the sound of four more shots.

On October 19, 1973, the third day of trial, the prosecution moved to indorse an additional witness, Thomas Doherty. Defendant had shared a jail cell with Doherty while awaiting trial. The prosecutor explained that he had only the day before, through a remark made by Hassler during a pretrial interview, become aware of the testimony Doherty could give. The trial court granted the motion and denied a motion by the defendant for a continuance. Doherty took the stand over the defendant's objection and testified in essence that the defendant said that he shot the decedent, and that he considered shooting Hassler and his girl friend also in order to "cover up the whole mess".

Defendant argues on appeal that the trial court abused its discretion by allowing the late indorsement of the witness and by thereafter refusing his motion for a continuance. Defendant recognizes the controlling significance of the applicable statute, MCLA 767.40; MSA 28.980, which provides in part:

"Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

When considering the trial court's exercise of the

authority conferred by the statute, "The ultimate question, on review, is whether the court abused its discretion, with the burden ordinarily on the party asserting abuse". *People v Blue,* 255 Mich 675, 678; 239 NW 361 (1931), *People v Griner,* 30 Mich App 612, 615; 186 NW2d 800 (1971).

In an attempt to meet this burden, defendant maintained that the trial court abused its discretion because the prosecution should have sooner discovered the information which Doherty revealed since he was already in custody. The trial court determined that the prosecutor acted promptly to indorse the witness as soon as he had learned the relevant facts. Nothing in the record provides any basis to disturb this finding.

Defendant contends that his trial strategy would be entirely changed by the late indorsement because he would have cross-examined differently the witnesses who had already testified. It is not at all clear what defendant proposes to have done differently, but the record does disclose that the trial court offered to recall any and all witnesses for further cross-examination in light of this witness's testimony.

The argument that defendant was surprised by the production of witness Doherty is unconvincing. The defendant and Doherty had spent considerable time together in the same jail cell. While defense counsel may have been unaware of Doherty, the defendant himself was thoroughly familiar with this witness. The information that this witness revealed, if accurate, would also have been well-known to the defendant. The credibility of the witness was for the jury to decide.

Probably the strongest argument in favor of defendant's position in this issue is that his timely request for a continuance was denied. Neverthe-

less, the decided cases have established that this factor under circumstances similar to those of the present case is insufficient to sustain the defendant's burden of demonstrating an abuse of discretion. When a late indorsement of a witness is allowed, the granting to the defense of a continuance is a matter of discretion. *People v Heading,* 39 Mich App 126, 129; 197 NW2d 325 (1972), *lv den,* 389 Mich 782 (1973).

In *People v Cormandy,* 16 Mich App 517, 519; 168 NW2d 430 (1969), *lv den,* 382 Mich 756 (1969), the prosecutor moved during trial for the indorsement of an additional witness. The lower court "granted the motion and denied defendants' motion for a continuance". On appeal, no abuse of discretion was found in that "defendants did not present sufficient reason to grant the continuance and there was ample time to interview the witness before his actual trial testimony began". Similarly in *People v Snow,* 26 Mich App 510, 519–520; 182 NW2d 820 (1970), *affirmed in substantial part,* 386 Mich 586 (1972), two prosecution witnesses were indorsed immediately before trial and a defense motion for a continuance was denied. This Court declined to find an abuse of discretion because the defendant could not demonstrate that he was prejudiced by the late indorsement. Again in *People v Zaluski,* 28 Mich App 647, 648; 185 NW2d 198 (1970), prosecution witnesses were indorsed on the first day of trial, and the defendant's motion for a continuance was denied. This Court affirmed the action of the lower court in part because the defendant had two days to interview the witness because of an interruption caused by the scheduling of motion day.

The Michigan Supreme Court has had occasion to address itself to this issue in *People v Davis,* 343

Mich 348, 361–362; 72 NW2d 269 (1955). There, the trial court allowed a prosecution witness by the name of Mr. Pesch to be indorsed on the day before trial, Monday, January 12, 1953. A number of non-res gestae witnesses were also indorsed. However, the witnesses did not testify until Thursday, January 15, 1953. The trial court denied the defendant's motion for a continuance made in response to the late indorsements, but the defendant was afforded an opportunity to interview witness Pesch. On appeal, it was held that the lower court had not "abused its discretion in allowing the indorsement of witnesses and refusing the request for continuance".

In the present case, the defendant and the trial court were informed of the proposed testimony of witness Doherty on the same day that the prosecutor learned of it, October 16, 1973, the first day of trial. At that time, defense counsel was given a copy of the witness's criminal record and a presentence report which had been compiled in 1970. The witness was actually indorsed on the third day of trial, and he did not testify until the fourth day, October 19, 1973. This four-day period gave defendant ample opportunity to investigate and interview the witness. Adequate grounds for a continuance were not established.

In response to defendant's objection and motion for a continuance, the trial court ordered that a separate record be made, out of the presence of the jury, of the testimony that Doherty was to give. After acquainting himself with the nature of the proposed testimony, the trial judge was able to authoritatively discuss and rule upon the objection of the defendant. He concluded that the defendant's assertion that the testimony would substantially alter his trial strategy was unfounded. The

trial court offered to allow the defense to recall the previous witnesses, and the court permitted counsel to confer with the defendant to decide on how best to proceed. The defendant has been unable to substantiate his allegation that the late indorsement of the witness caused him undue prejudice. Under these circumstances, we hold that the trial court did not abuse its discretion in permitting the indorsement of the witness or in denying the continuance.

Defendant asserts that he was denied his constitutional right to a speedy trial. The chronology of the relevant events, all occurring in 1973, establishes that defendant was arrested on March 15, the trial court's order suppressing his confession was entered on July 10, the prosecutor sought leave to appeal from this order on August 17, defendant demanded a speedy trial on August 29, this Court denied leave on October 10, and trial began on October 16.

Thus, there has been a seven-month delay between arrest and trial just barely setting off the six-month "triggering mechanism" and invoking the four-factor balancing test of *Barker v Wingo,* 407 US 514; 92 S Ct 2182; 33 L Ed 2d 101 (1972), as applied in *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), and *People v Collins,* 388 Mich 680; 202 NW2d 769 (1972).

The delay in this case was occasioned by the prosecutor's appeal. The taking of an appeal by the state constitutes a good cause for delay when within reasonable limits, and time consumed on appeal cannot be considered as denying a speedy trial. *People v Den Uyl,* 320 Mich 477; 31 NW2d 699 (1948), *People v Chism,* 390 Mich 104, 113; 211 NW2d 193 (1973). The delay was not lengthy; within a month and one-half of his formal de-

mand, trial began. The defendant has shown no prejudice as a result of this minimal delay. He has not been deprived of his constitutional right to a speedy trial.

Defendant contends that he was denied a fair trial because the prosecution conferred special favors on its two principal witnesses, Hassler and his girl friend, Carol Gorden. All of the benefits received by the witnesses, including intercession with Oakland County officials concerning charges pending there, arrangements for transportation and lodging, and assistance in finding employment, were fully revealed to the jury. Thus, the prosecutor protected defendant's right to a fair trial by imparting this information to the jury for its consideration during its evaluation of the witnesses' credibility. *People v Nettles,* 41 Mich App 215; 199 NW2d 845 (1972), *People v Atkins,* 47 Mich App 558, 562; 209 NW2d 735 (1973). That the jury nevertheless believed these witnesses affords defendant no basis for recourse to this Court.

Lastly, defendant claims that the trial court erred by not finding Carol Gorden to be incompetent to testify because she had taken two teaspoons of a cough medicine containing codeine ten hours before she was called to the stand. This fact, if it had any significance at all, goes only to the credibility and the weight of the witness's testimony, not to her competence.

Affirmed.