## PEOPLE v MALISKEY

1. CRIMINAL LAW—JURY—VERDICT—DIRECTED VERDICT—VENUE—DISCRETION OF COURT—ABUSE OF DISCRETION—APPEAL AND ERROR.

A directed verdict may be granted only where there is no evidence presented, either direct or circumstantial, on each material element of the offense charged; absent an abuse of discretion, a trial court's determination that sufficient evidence of venue has been presented will not be disturbed on appeal.

2. SEARCHES AND SEIZURES—SEARCH WARRANTS—PROBABLE CAUSE—PERSONAL OBSERVATIONS—AFFIANTS.

An affidavit presented to a magistrate with a request for a search warrant contained sufficient facts to support a finding of probable cause for issuance of the warrant where, although it was partially based on personal observations of a police officer who was not an affiant, it was also based on the observations of a police officer who was an affiant.

3. CONSTITUTIONAL LAW—RIGHT OF SILENCE—SPONTANEOUS STATEMENTS—INFLUENCE OF NARCOTICS—NORMAL THOUGHT PROCESSES.

A spontaneous inculpatory statement made by a defendant who was under the influence of narcotics at the time of his arrest was properly admitted at his trial as a voluntary admission not within the *Miranda* exclusionary rule where the defendant indicated he understood the *Miranda* warnings each time they were read to him prior to the making of the statement, he had no difficulty relating his name, address, height, weight, place of

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 489.

[2] 68 Am Jur 2d, Searches and Seizures § 64 *et seq.*

[3] 29 Am Jur 2d, Evidence §§ 555–557, 612.

Comment Note—Necessity of informing suspect of rights under privilege against self-incrimination, prior to police interrogation. 10 ALR3d 1054.

[4] 81 Am Jur 2d, Witness § 587.

[5, 6] 25 Am Jur 2d, Drugs, Narcotics and Poisons §§ 21, 44 *et seq.*

[7] 75 Am Jur 2d, Trial §§ 906–918.

birth and social security number to officers at the time of arrest, and there was testimony that his train of thought appeared normal in response to police questioning after the statement was made.

. 4. CONSTITUTIONAL LAW—CRIMINAL LAW—PRESUMPTION OF INNO-
CENCE—POLICE—TESTIMONY—PRIOR KNOWLEDGE OF DEFENDANT
—PRIOR CONVICTIONS—SMALL COMMUNITIES.

Testimony for the prosecution by police officers from a small community that they knew the defendant from "past experience" or "previous experience" are not such pointed references to the defendant's prior criminal record that they would require a mistrial because they would have compromised the necessary presumption of innocence; the phrases are not synonyms for arrest, conviction, or any other form of prior criminal conduct, and could as easily be interpreted as referring to a casual acquaintance as an official one.

5. DRUGS AND NARCOTICS—UNLAWFUL POSSESSION—DOMINION—
KNOWLEDGE—CIRCUMSTANTIAL EVIDENCE—INFERENCES—JURY.

Possession of illegal narcotics requires dominion or right of control over the drug, either actual or constructive, with knowledge of its presence and character; possession may be proved by circumstantial evidence and reasonable inferences drawn therefrom, and the jury may properly infer intent to possess from facts fairly proving its existence.

6. DRUGS AND NARCOTICS—UNLAWFUL POSSESSION—EVIDENCE—NAR-
COTICS PARAPHERNALIA—NEEDLE TRACKS—RES GESTAE—INTENT
—HARMLESS ERROR.

The introduction into evidence of narcotics paraphernalia and needle track marks on the defendant's arm was not reversibly erroneous in a trial for possession of heroin where the testimony relating to these items was limited and involved the res gestae of the criminal possession and had a direct bearing on the element of intent to possess.

7. DRUGS AND NARCOTICS—INSTRUCTIONS TO JURY—UNLAWFUL POSSES-
SION—USABLE AMOUNT—APPARENT AMOUNT.

A precedent case holds that a jury should not be instructed in a heroin possession trial on the usable amount or remnant of a usable amount test, but such instruction was not reversibly erroneous in a case tried before that decision where there was no objection to the instruction at trial, and there was evidence presented that defendant was in possession of an amount of heroin apparent to the naked eye.

Appeal from Macomb, Frank E. Jeannette, J. Submitted June 21, 1977, at Detroit. (Docket No. 27156.) Decided August 22, 1977.

Gregory A. Maliskey was convicted of possession of heroin. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *David Dalenberg,* Assistant Prosecuting Attorney, for the people.

*Herbert C. Huson,* for defendant on appeal.

Before: BEASLEY, P. J., and V. J. BRENNAN and J. R. McDONALD,* JJ.

V. J. BRENNAN, J. On November 4, 1975, defendant Gregory Arnold Maliskey was convicted of possession of heroin, contrary to MCLA 335.341(4)(a); MSA 18.1070(41)(4)(a). He was sentenced on December 3, 1975, to three years probation, the first six months of which were to be served in the Macomb County Jail. Defendant now appeals by right from this conviction. GCR 1963, 806.1.

On November 19, 1973, the 42nd District Court of Macomb County issued a search warrant for the interior of 5590 Walpole Street in New Baltimore, which was located within St. Clair County. Three days before, police officers had observed a green leafy substance, which upon field testing proved to be marijuana. The search on November 19, 1973 revealed narcotics paraphernalia and suspected heroin and marijuana. These items were seized. At the time of the search, defendant and codenfen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant Mark Matuja appeared to be under the influence of narcotics. Defendant's speech was affected, and he had been awakened by the officers during the course of the search. He was able to respond to some but not all the questions posed to him after having been read his *Miranda*[1] rights. Both defendants were transported to the Michigan State Police Post in New Baltimore, where the items seized were displayed on a table. Defendant spontaneously stated at this time "Joe [the police officer], all this stuff is mine".

At a pretrial hearing on the validity of the search warrant, the trial court denied defendant's motion and, further, admitted defendant's statement concerning his ownership of the seized items.

At trial, defense counsel objected to the court's lack of proper venue and did not stipulate to waive improper venue. A New Baltimore city clerk testified that the home at 5590 Walpole was located within one mile of the Macomb County line, and the court ruled that the offense was committed within one mile of the boundary line existing at the time. This issue was submitted to the jury as well.

Defense counsel motioned for a mistrial on the ground that three police officers had testified that they knew codefendant and defendant previously. This motion was denied. Defense counsel rejected a curative instruction at this time.

When evidence of narcotics paraphernalia was introduced, defendant moved for a mistrial since such items could be construed by the jury as evidence of use or addiction to narcotics. This motion was denied.

In instructing the jury, the court stated that in

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

order to convict, the heroin should be either a usable amount or a remnant of the usable amount. No objection was made by either defendant or codefendant to this instruction at the time.

On appeal, defendant raises several allegations of error. We will speak to each claim.

Defendant first argues that the prosecution failed to sufficiently establish proof of venue beyond reasonable doubt.

Defendant moved for directed verdict on the basis that the prosecution had failed to prove venue beyond a reasonable doubt. He argued that because the offense occurred in excess of one mile from the Macomb County line, the Macomb County District Court lacked jurisdiction under the statute permitting an offense committed within one mile of a dividing line between two counties to be prosecuted in either of them. MCLA 762.3; MSA 28.846. However, the prosecution offered testimony by officer John T. Korzek and New Baltimore clerk Theresa Orczykowski to the effect that 5590 Walpole was located within one mile of the Macomb County line. The court concluded that sufficient evidence of venue had been presented, remarking on the "weight and credibility" of the New Baltimore clerk's determination. He was also careful to note that he was skeptical of Trooper Korzek's testimony about the distance due to the use of his speedometer, about which some question of accuracy had arisen. Consequently, the fact is very clear the trial court was exercising his discretion in this matter.

A directed verdict may only be granted where there is no evidence, either direct or circumstantial, on each material element of the offense. *People v King,* 58 Mich App 390, 400; 228 NW2d 391 (1975), *People v Hodo,* 51 Mich App 628, 639; 215

NW2d 733 (1974). Absent an abuse of discretion, the trial court's determination will not be disturbed. *People v Ranes,* 58 Mich App 268, 274; 227 NW2d 312 (1975), *People v Kochan,* 55 Mich App 326, 328; 222 NW2d 317 (1974). Given the evidence presented, we find no abuse of discretion here.

Further, the jury had the opportunity to hear and decide this issue as well. Given the adverse ruling to defendant, and the fact that we assign great deference to jury determinations, we find no cause to reverse at this point. *People v Fields,* 66 Mich App 347, 350; 239 NW2d 372 (1976), *People v Miller,* 49 Mich App 53, 58–59; 211 NW2d 242 (1973).

Defendant next alleges that the affidavit supporting the search warrant was insufficient to support a determination of probable cause.

Defendant claims that the warrant issued to search defendant's residence was based upon hearsay information and therefore inadequate to sustain the search. Consequently, defendant would have us hold that the court should have granted defendant's motion to suppress and quashed the indictment of the preliminary examination on October 22, 1974. Denial of a similar motion in Macomb County Circuit Court on April 21, 1975, defendant says, demands reversal on the present appeal.

We find that the warrant was properly obtained in this case. Though paragraph 3 of the affidavit submitted by Officer Korzek to the magistrate in support of the issuance of the search warrant did refer to the personal observations of another officer, Lt. Leo Parrott, paragraph 4 of the affidavit referred directly to the observations of affiant Korzek and Trooper John King. Consequently, we do not believe defendant's claim well taken here.

We believe probable cause did exist for the issuance of the warrant in this case. *People v Coffey,* 61 Mich App 110; 232 NW2d 320 (1975).

Defendant contends thirdly that the trial court's admission of his oral statement was an abuse of discretion, considering defendant's condition at the time made.

After being brought to the Michigan State Police post in New Baltimore, defendant was shown the items seized and spontaneously stated: "Joe, [the police officer] all of this stuff is mine." At the hearing held pursuant to the motion to suppress this verbal admission, the court concluded that since the statement was volunteered and since the officers felt that his abilities were not so impaired as to affect his capacity to comprehend the statement no reason existed to deny admission.

Before we will reverse a trial court's determination of voluntariness, we must possess a "definite and firm conviction that a mistake was committed". *People v Scott,* 44 Mich App 462, 463; 205 NW2d 291 (1973), *People v Hubbard,* 19 Mich App 407, 413; 172 NW2d 831 (1969). In this case, we do not. We find a similar situation in *People v Leffew,* 58 Mich App 533; 228 NW2d 449 (1975). In *Leffew,* where defendant was taken into custody for unarmed robbery, and some rings were found in his possession, he spontaneously volunteered the statement, "those are not her rings". We held this statement to be a purely voluntary admission not within the *Miranda* rule. *People v Leffew, supra* at 536.

We believe the same principle used to sustain the statement in *Leffew* applies here. We do recognize that in this case defendant was ostensibly under the influence of narcotics. However, we cannot ignore the fact that defendant had no

difficulty relating his name, address, height, weight, place of birth, and social security number to officers at the time of his arrest. We also observe that he understood the *Miranda* warnings each time they were read to him by Officer Korzek. The officer also stated that defendant's train of though appeared normal in response to questions put to him by police. Under these circumstances, we have no "definite and firm conviction that a mistake was committed". We decline to reverse.

Defendant next contends error appeared where evidence was not competent to enable a jury to conclude that a proper chain of custody had been maintained.

The argument is made that defendant was denied the opportunity to properly cross-examine Police Chief Edward Reims concerning the introduction of people's exhibits 1 through 9. We find that defendant did have the opportunity to cross-examine Chief Reims regarding the photographic evidence admitted. He may not now complain of his failure to pursue this line of cross-examination.

We find equally without merit defendant's contention that no proper chain of custody was established for this evidence. The transcript clearly reveals the whereabouts of the evidence at all times. Sergeant Koenig states that when he removed the items from defendant's residence he gave them to Trooper Korzek, and Trooper Korzek testified to tabulating each item and storing them in the police property room. He also testified that the items were in his custody throughout the course of the trial. On the record, we find no basis for defendant's claim. See *People v Hintz,* 62 Mich App 196; 233 NW2d 228 (1975).

Defendant next alleges that the testimony of

police officers regarding their prior acquaintance with him was so prejudicial as to deny him a fair trial.

Defendant submits that reference by officers Savalox, Burchell and Koenig to their "previous experience" with defendant constituted cause for declaring a mistrial. He would characterize these remarks as revealing defendant's prior criminal activity, thus compromising the necessary presumption of his innocence.

We do not view the officers' comments as pointed references to defendant's prior criminal record. Particularly with regard to Sergeant Savalox's comment that he knew defendants from "past experience", we would recognize that a police officer would have many opportunities in 20 years to observe those with criminal records, but in the same time span, especially in a small town in which the arrest occurred, he would have occasion to be aware of many other individuals as well. His remarks in no way went beyond the bald assertion that he knew the two men from "previous experience". This phrase is not a synonym for arrest, conviction, or any other form of prior criminal conduct. The record simply does not support such an interpretation. Further, we find no basis for this view in case law. *People v Phillips,* 61 Mich App 138, 149-151; 232 NW2d 333 (1975), *People v Coates,* 11 Mich App 537; 161 NW2d 612 (1968).

Defendant next contends that the introduction of narcotics paraphernalia and other testimony concerning the possession of heroin denied him a fair trial.

What defendant contends prejudiced his trial reversibly was the introduction into evidence of testimony regarding track marks on defendant's arms at the time of his arrest and the introduction

into evidence of spoons, syringes, and a tablespoon containing a "burnt" mark. We do not believe admitting testimony concerning these items constituted reversible error.

Defendant was convicted of possession of narcotics under MCLA 335.341; MSA 18.1070(41). The term "possession" signifies dominion or right of control over the drug with knowledge of its presence and character. *People v Germaine,* 234 Mich 623, 627; 208 NW 705 (1926). Such "possession" may encompass both actual and constructive possession. *People v Harper,* 365 Mich 494, 506–507; 113 NW2d 808 (1962), *cert den,* 371 US 930; 83 S Ct 302; 9 L Ed 2d 237 (1962). Like other elements of the *corpus delicti,* possession may be proved by circumstantial evidence and reasonable inferences drawn from this evidence. *People v Mumford,* 60 Mich App 279, 283; 230 NW2d 395 (1975), *People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), adopting the dissenting opinion of Judge (now Justice) LEVIN in *People v Allen,* 39 Mich App 483, 494; 197 NW2d 874 (1972). The jury may infer intent to possess narcotics from many facts fairly proving its existence, since knowing or intentional possession of a controlled substance is an issue of fact for the jury. *People v Nash,* 61 Mich App 708, 716; 233 NW2d 153 (1975).

We have found in similar circumstances that evidence of narcotics paraphernalia such as that presented in this case was not error. *People v Gould,* 61 Mich App 614, 623–624; 233 NW2d 109 (1975), *People v Mumford, supra* at 281–283, *People v Iaconis,* 29 Mich App 443, 459; 185 NW2d 609 (1971). The testimony relating to these items involved the res gestae of the criminal possession and had direct bearing on the element of intent to possess—that is, the exercise of control or the

right to exercise control over the controlled substance. *People v Gould, supra* at 624. We find no error here.

Testimony was adduced at trial indicating defendant had track marks on his arms when arrested. Recent discussion has indicated that testimony of track marks is highly prejudicial due to its tendency to indicate addiction. *People v Harrington,* 396 Mich 33, 48; 238 NW2d 20 (1976). However, though found to be prejudicial, these comments were not considered to be reversibly prejudicial. Neither do we find them to be cause for reversal in this case.

Testimony regarding the track marks was extremely limited in this case. We do not believe reversal is warranted under these facts. See the similar situation in *People v Iaconis, supra* at 459.

Defendant argues lastly that the jury instructions the trial court gave on the usable amount test violated defendant's right to an impartial jury verdict, despite defense counsel's failure to object.

The jury was instructed on the "usable" or "remnant of the usable amount" test. We recognize that defendant's right to a fair trial entails the principle that the jury may not be instructed in a manner either erroneous or misleading. *People v Verburg,* 44 Mich App 320, 323–324; 205 NW2d 315 (1973), *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967). We also recognize that the usable amount or remnant of the usable amount test was recently rejected by the Michigan Supreme Court. *People v Harrington, supra* at 45–49.

However, as here, the Court in *Harrington* found defendant in possession of an amount of heroin "apparent to the naked eye". *People v*

*Harrington, supra* at 49. Given that sufficient evidence of possession was presented at trial, and that defendant's trial occurred prior to the decision in *Harrington,* we find proper basis to affirm defendant's conviction where the narcotics in this case were "apparent to the naked eye", especially when some question exists as to whether *Harrington* should be applied retroactively. These factors, coupled with defendant's failure to object to the trial court's instruction, lead us to believe no error requiring reversal exists in this case. Defendant's right to an impartial jury verdict was not violated.

Conviction affirmed.