782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILBURN D. STEWART, Petitioner-Appellant,
v.
DALE E. FOLTZ, Respondent-Appellee.
 84-1534
 United States Court of Appeals, Sixth Circuit.
 12/10/85
 
 BEFORE: MERRITT and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Wilburn Stewart, was convicted of first degree murder and sentenced to life imprisonment with no parole in a Michigan trial court. He appealed his conviction as of right to Michigan Court of Appeals in which he raised the following issues:
 
 
 2
 (1) Whether or not defendant-appellant was denied his right to a speedy trial under the sixth amendment to the United States Constitution.
 
 
 3
 (2) Whether or not the trial court committed reversible error in granting the prosecution's motion to endorse Thomas Doherty as a witness after trial had been in progress.
 
 
 4
 (3) Whether or not the trial court committed reversible error in allowing a witness' testimony after it was discovered that she had taken drugs prior to her testimony.
 
 
 5
 (4) Whether or not defendant-appellant was denied a fair and impartial trial after the prosecution rendered gratuities to chief prosecution witnesses.
 
 
 6
 The court of appeals affirmed the conviction. People v. Stewart, 61 Mich. App. 167, 232 N.W.2d 347 (1975). Petitioner's application for leave to appeal to the Michigan Supreme Court was denied. People v. Stewart, 395 Mich. 793 (1975). Subsequently, petitioner filed a motion for new trial in the Michigan county circuit court raising eight new issues. This motion and a motion for rehearing (which included another eight new issues) were denied.
 
 
 7
 Petitioner then filed a delayed motion for leave to appeal in the Michigan Court of Appeals, asserting seven of the sixteen issues raised in the two delayed motions for new trial. On April 7, 1978, that court denied the motion for 'lack of merit in the grounds presented.' People v. Stewart, No. 78-593 (April 12, 1979). A motion for rehearing was also denied.
 
 
 8
 Petitioner Stewart then filed an application for delayed appeal with the Michigan Supreme Court on June 25, 1982. Although raising the seven issues previously presented to the Michigan Court of Appeals, petitioner also added for the first time, the following issue:
 
 
 9
 Whether the trial court committed reversible error and denied petitioner equal protection and due process of law under the fourteenth amendment to the Constitution of the United States and under Article I, Section 17, of the Michigan Constitution 1963, when the trial judge refused the deliberating jury's request to have certain testimony reread where the request was not unreasonable and was not accompanied by an instruction that the court might honor the request at a subsequent time, thusly, precluding the jurors from renewing their request, if necessary.
 
 
 10
 The Michigan Supreme Court denied leave to appeal, stating that it would not review the case because 'the Court is not persuaded that the questions presented should be reviewed by this Court.' People v. Stewart, No. 67964 (June 25, 1982).
 
 
 11
 Thereafter, petitioner filed an application for writ of habeas corpus in the United States District Court for the Eastern District of Michigan. Petitioner raised ten issues, all of which had been brought before the Michigan Court of Appeals except the one above noted which was presented only to the Michigan Supreme Court. On January 31, 1984, the petition was dismissed for failure to exhaust state remedies as to the latter claim.
 
 
 12
 The briefs presented by both petitioner and the State of Michigan before the Michigan Supreme Court dealt with Michigan state law and did not cite federal authority on the constitutional claims despite the allegation of a federal due process and an equal protection violation.[1] District Judge Cook dismissed the petition as not completely exhausted under Rose v. Lundy, 455 U.S. 509 (1982). He held that Stewart had failed to 'present the substance of each federal constitutional claim to the state appellate courts before raising it in a petition for a writ of [federal] habeas corpus.' (Emphasis added). As authority for this holding, the district court cited Picard v. Connor, 404 U.S. 270 (1971), Anderson v. Harless, 459 U.S. 4 (1982), as well as Winegar v. Corrections Department, 435 F. Supp. 285, 289 (W.D. Mich. 1977), aff'd without opinion, 582 F.2d 1281 (6th Cir. 1978).
 
 
 13
 Since the federal constitutional claim under the fourteenth amendment was not fully presented to the Michigan appellate courts so that they (and particularly the Michigan Supreme Court) had no "fair opportunity' to apply controlling legal principles to the facts bearing upon his [federal] constitutional claim,' the petition was properly dismissed. Anderson v. Harless, 459 U.S. at 6. See also Picard v. Connor, 404 U.S. at 276, 277. Neither party actually addressed the federal constitutional claim and since the appeal was dismissed because the 'questions presented' did not merit review by the Michigan Supreme Court. Since the federal questions presented for the first time in the new issue were not fully presented either to the Michigan Court of Appeals or to the Supreme Court, we AFFIRM the action of the district court.
 
 
 14
 We are not persuaded that petitioner may not yet have a remedy still potentially available to him on this federal issue if and when it is fully submitted for consideration to the Michigan courts. Meeks v. Bergen, 749 F.2d 322, 324 (6th Cir. 1984), is not inconsistent with this disposition. Nor does it clearly appear that the state courts have decided this issue on any 'adequate and independent state procedural ground.' See Hockenbury v. Sowders, 620 F.2d 111 (6th Cir. 1980).
 
 
 15
 CELEBREZZE, Senior Circuit Judge, dissenting.
 
 
 16
 Despite the majority's attempt to obsfucate the issue, only one question has been briefed and presented to this Court, namely, did petitioner-appellant Stewart exhaust his state remedies under 28 U.S.C. 2254(b) & (c) (1982) by presenting one of his eight arguments for the first time to the Michigan Supreme Court. The question of whether Stewart 'fairly presented' his claim to the Michigan courts, Picard v. Connor, 404 U.S. 270, 275 (1971), has not been raised or argued by either party.
 
 
 17
 In Meeks v. Bergen, 749 F.2d 322, 325 (6th Cir. 1985), this Court held that a claim was exhausted for the purposes of Sections 2254(b) & (c) if it was presented for the first time to the Michigan Supreme Court. Meeks, therefore, is simply indistinguishable from the case at bar and hence requires this Court to reverse and remand the decision of the district court for further consideration.
 
 
 18
 Accordingly, due to the majority's refusal to follow and apply the controlling law in this Circuit, I respectfully dissent.
 
 
 
 [1]
 In his brief to the Michigan Supreme Court, petitioner merely raised the federal constitutional claim in a heading. The only federal case cited, United States v. Rabb, 453 F.2d 1012 (3d Cir. 1971), did not involve resolution of a federal constitutional issue