**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Kyle Chris MOELLER, Defendant and Appellant.**

**No. 15072.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 1986.

Decided Nov. 19, 1986.

Clair B. Ledbetter, Asst. Atty. Gen. Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

J.M. Grossenburg of Day & Grossenburg, Winner, for defendant and appellant.

FOSHEIM, Justice (on rehearing).

We earlier affirmed Moeller's conviction for distribution and possession of cocaine. *State v. Moeller*, 388 N.W.2d 872 (S.D. 1986) (*Moeller I*). At Moeller's trial, the jury rejected an entrapment defense. We refer the reader to our earlier decision for more specific facts. This rehearing was granted on the limited issue of whether, under the given facts, the validity of Moeller's entrapment defense was properly submitted to the jury or whether it was a matter of law to be decided by the trial judge.

■ As our earlier decision notes, to determine the validity of an entrapment defense South Dakota applies the subjective, or origin of the intent test. That test seeks to establish whether the intent to commit the crime originated with the accused or with the State. Under the test, entrapment exists if the evidence reveals the accused was not predisposed to commit the crime but rather was "an innocent person lured into committing a crime." *Moeller I*, 388 N.W.2d at 874, *quoting State v. Nelsen*, 89 S.D. 1, 8, 228 N.W.2d 143, 147 (1975). As we stated in *Moeller I*: "When conflicting evidence exists as to the origin of the intent to commit the crime charged, the question of entrapment is for the jury, and when there is substantial evidence from which the jury may infer that the criminal intent originated in the defendant's mind, entrapment as a matter of law is not established." 388 N.W.2d at 874 (citation omitted). On appeal, we consider the evidence bearing on the entrapment issue in the light most favorable to upholding the conviction. *Moeller I*, 388 N.W.2d at 875; *State v. Johnson*, 268 N.W.2d 613, 616 (S.D.1978). Upon reconsidering the evidence, we still hold a firm belief that sufficient conflicting evidence was admitted as to the origin of the intent to commit the crime charged to make it a valid question of entrapment for the jury.

■ Moeller also argues this case was improperly submitted to the jury due to considerations peculiar to the objective standard of entrapment. In contrast to the subjective theory of entrapment, the objective theory does not concentrate upon the defendant's predisposition. "The objective test concerns an inquiry only into police conduct to determine if the actions of the police were so reprehensible under the circumstances, that the court should refuse, as a matter of public policy, to permit a conviction to stand." *Johnson*, 268 N.W.2d at 615 (citation omitted). Moeller argues that only a judge is qualified to assess police conduct and that this case was therefore improperly submitted to the jury.

We have declined to adopt the objective standard. *Id.* at 616. Nevertheless, Moeller urges us to reverse his conviction because of alleged police impropriety leading to his arrest, contending that we may do so without rejecting the subjective test out-

right. According to Moeller, this court did this in *Johnson* wherein we reversed Johnson's conviction by holding entrapment existed as a matter of law. We disagree. We expressly stated in *Johnson* that we were not rejecting the subjective test in favor of the objective, and that "our decision rest[ed] not on the reprehensibility of the actions of the police, but upon the determination that the actions of the police, whether reprehensible or not, constitute[d] entrapment as a matter of law." *Id.* at 616.

The conviction is affirmed.

MORGAN and HENDERSON, JJ., concur.

WUEST, C.J., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, dissent.

SABERS, J., not having been a member of the Court at the time this action was originally submitted to the Court, did not participate.

WUEST, Chief Justice (dissenting).

I dissent for all the reasons stated in the dissenting opinion in *Moeller I.*

HERTZ, Acting Justice (dissenting).

I dissent for all of the reasons stated in my dissenting opinion in *Moeller I.*