**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Alvin H. GOODROAD, Defendant and Appellant.**

**No. 16372.**

Supreme Court of South Dakota.

Considered on Briefs April 27, 1989.

Decided June 21, 1989.

Frank E. Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

Sidney B. Strange of Strange & Palmer, P.C., Sioux Falls, for defendant and appellant.

WUEST, Chief Justice.

Defendant, Alvin H. Goodroad, was found guilty of possessing one-half pound or more of marijuana, in violation of SDCL 22-42-6. He was sentenced to two years imprisonment in the South Dakota State Penitentiary. We affirm defendant's conviction.

In February, 1988, a South Dakota Division of Criminal Investigation (DCI) agent was notified that James Feeney (Feeney) had purchased a quantity of marijuana from an individual in the Black Hills area. A warrant to search Feeney's house was obtained and a subsequent search uncovered the marijuana. Thereafter, Feeney entered a plea bargain, agreeing to plead guilty to felonious possession of marijuana and to cooperate with law enforcement officers in naming persons who previously had trafficked narcotics.

Pursuant to this agreement, Feeney identified defendant as his major supplier of marijuana in Sioux Falls, South Dakota. Feeney indicated he had an ongoing relationship with defendant regarding narcotics transactions. Under this relationship, de-

fendant typically sold Feeney one-half pound of marijuana approximately every six to eight weeks. The transactions were frequently conducted on a credit basis. On March 11, 1988, Feeney, acting under the supervision of the DCI, telephoned defendant and inquired as to whether he had any marijuana for sale. Defendant indicated he had none, but he expressed an interest in purchasing from Feeney marijuana that he previously sold to him. Feeney agreed to sell defendant one-half pound of marijuana for $600. Arrangements were made for a friend of Feeney to contact defendant and deliver the marijuana at a later date.

Phil Niedringhaus (Niedringhaus), a DCI agent, contacted defendant on March 18, 1988. Niedringhaus, posing as Feeney's friend, told defendant he had a "package" to deliver. Defendant indicated he would pay Feeney at a later date and arrangements were made to meet at a local restaurant parking lot to complete the transaction.

On March 19, 1988, defendant met Niedringhaus as previously arranged. Niedringhaus brought with him two packages of marijuana which he previously had offered to defendant. Each package weighed slightly more than one-half pound. Defendant selected only one package. After taking the marijuana into his possession, defendant left Niedringhaus' automobile and started to walk across the parking lot to his vehicle. It was at that point that he was called back to the undercover vehicle and placed under arrest.

Defendant waived a jury trial and was found guilty after a court trial. He now appeals his conviction, raising three issues. He first contends that the conduct of the law enforcement officers resulted in his entrapment as a matter of law. He next claims that the trial court erred in allowing the state to introduce evidence of his previous marijuana dealings with Feeney. Finally, defendant argues that the evidence introduced at trial was insufficient to warrant a finding that he was guilty of possessing one-half pound or more of marijuana, in violation of SDCL 22-42-6.

■ In his first contention, defendant asserts that he was induced to engage in the unlawful possession of marijuana by the conduct of law enforcement officers. The law on entrapment is well-settled in South Dakota. This court previously has defined entrapment as "the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting criminal proceedings against him." *State v. Moeller (Moeller I)*, 388 N.W.2d 872, 874 (S.D.1986), *aff'd on rehearing*, 396 N.W.2d 320 (S.D.1986), (*quoting State v. Williams*, 84 S.D. 547, 551, 173 N.W.2d 889, 891 (1970)). To determine the validity of an entrapment defense, South Dakota applies the subjective, origin of the intent test. This test seeks to establish whether the intent to commit the crime originated with the accused or with the state. Under the test, entrapment exists if the evidence reveals that the accused was not predisposed to commit the crime, but instead was "an innocent person lured into committing a crime." *Moeller I*, 388 N.W.2d at 874 (*quoting State v. Nelsen*, 89 S.D. 1, 8, 228 N.W.2d 143, 147 (1975)). Entrapment, as a matter of law, is not established when there is substantial evidence from which it may be inferred that the criminal intent originated in the defendant's mind. *Moeller I*, 388 N.W.2d at 874; *Williams*, 84 S.D. at 553, 173 N.W.2d at 892. *See also State v. Moeller (Moeller II)*, 396 N.W.2d 320 (S.D.1986). "On appeal, we consider the evidence bearing on the entrapment issue in the light most favorable to upholding the conviction." *Id.* at 321.

■ There are two components to successfully establishing entrapment as a defense. "The defendant must show police inducement to commit the crime and that he was not predisposed to commit the specific criminal act." *Moeller I*, 388 N.W.2d at 874–75 (*quoting State v. Iverson*, 364 N.W.2d 518, 528 (S.D.1985)). In addition, it is said that there are four principal inducements which may locate the intent in the government rather than the accused. These inducements are friendship, sympathy, offers of excessive amounts of money, and appeals to a narcotic's habit. *Moeller I*, 388 N.W.2d at 875; *State v. Nagel*, 279 N.W.2d 911, 916 (S.D.1979). We previously have stated that the defendant, in addition to showing such inducement, must also show that " 'undue, prolonged or persistent pressures were exerted against him, ... that this inducement was dangled in front of him'[,] ... or that he was 'played upon'...." *Moeller I*, 388 N.W.2d at 875 (*quoting Nelsen*, 89 S.D. at 10–11, 228 N.W.2d at 148). In determining whether a defendant was predisposed to commit the specific criminal act, the facts surrounding the transaction are relevant. *Moeller I*, 388 N.W.2d at 875. Also relevant are several definite criteria such as whether the defendant suggested the crime and his readiness to commit the crime and familiarity with the criminal activity. *Id.*

■ Applying the foregoing rules to the present case, we hold that the defense of entrapment was not established as a matter of law. An examination of the facts surrounding the marijuana transaction shows that defendant was not an innocent person lured into committing a crime. None of the principal inducements which indicate that the criminal intent originated in the law enforcement officers can be found. There were no appeals to friendship, sympathy, or a narcotic's need. No big sacks of money were offered to defendant. In addition, defendant was not relentlessly pressured into entering or completing the transaction. He merely was presented with an opportunity to disobey the law.

Furthermore, defendant has failed to prove he was not predisposed to commit the offense with which he was charged. His ready response to Feeney's offer to sell, coupled with his obvious familiarity with dealing in marijuana, is indicative of his preexisting intent. The people working on behalf of the DCI, namely, Feeney and Niedringhaus, did nothing more than present an opportunity for defendant to carry his intent through to fruition.

■ In his second contention, defendant argues that the trial court abused its discretion in admitting evidence of his prior dealings with Feeney. During the trial,

Feeney was allowed to testify that a continuing sales relationship existed between him and defendant. This relationship extended as far back as 1984 and included at least twenty separate occasions on which Feeney purchased marijuana from defendant. The marijuana typically was purchased in quantities of approximately one-half pound. Defendant contends that this evidence was highly prejudicial and should not have been admitted.

We recognize that a defendant's previously committing similar crimes, reputation of being engaged in the commission of such crimes, or being suspected by the police of criminal activities is not admissible on the issue of entrapment. *Nelsen*, 89 S.D. at 9, 228 N.W.2d at 148. The entrapment defense, however, may not be used as a shield to prevent the admission of such evidence if it is admissible upon independent grounds. *Id.*, 228 N.W.2d at 148.

In *State v. Lowther*, 434 N.W.2d 747, 752 (S.D.1989), we stated that "evidence of other crimes, wrongs or acts is inadmissible in a criminal prosecution to establish the impermissible inference that since the defendant committed a similar offense on another occasion, he has a propensity to commit the crime charged." SDCL 19–12–5, however, allows the admission of such evidence if it is relevant to a material issue, such as "motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Before "other acts" evidence can be admitted, the trial court must determine that the evidence is relevant and that its probative value substantially outweighs its prejudicial effect. *Lowther*, 434 N.W.2d at 752; *State v. Kerkhove*, 423 N.W.2d 160, 162 (S.D.1988).

With regard to the relevancy determination, this court has repeatedly stated that "[a]ny fact that tends to connect an accused with the commission of a crime is relevant and has probative value." *State v. Sieler*, 397 N.W.2d 89, 92 (S.D.1986); *State v. Iron Shell*, 336 N.W.2d 372, 374 (S.D.1983). Other acts evidence has a prej-

udicial effect if it has the capacity to persuade by illegitimate means which result in the state's having an unfair advantage. Such evidence is not prejudicial merely because its legitimate probative force damages the defendant's case. *Lowther*, 434 N.W.2d at 753; *Kerkhove*, 423 N.W.2d at 163. The process of balancing the probative value against the prejudicial effect is within the sound discretion of the trial court. *Lowther*, 434 N.W.2d at 753; *Kerkhove*, 423 N.W.2d at 163; *State v. Champagne*, 422 N.W.2d 840, 842 (S.D.1988). We will not disturb the trial court's decision absent a clear abuse of discretion. *Lowther*, 434 N.W.2d at 753; *Champagne*, 422 N.W.2d at 842.

We cannot find that the trial court abused its discretion in admitting evidence of defendant's prior dealings with Feeney. The constituent elements of the crime with which defendant was charged are knowledge and possession. *See* SDCL 22–42–6. At the very least, the evidence of which now defendant complains was relevant to establish knowledge. *See People v. Swindlehurst*, 120 Mich.App. 606, 328 N.W.2d 92 (1982). In addition, said other acts evidence shows a common scheme or plan embracing previous dealings so related to each other that proof of such acts tends to establish the present charge. *See State v. Starnes*, 396 N.W.2d 676 (Minn.App.1986). The record indicates that the trial court not only properly determined the relevancy of the other acts evidence, but also correctly decided that its probative value substantially exceeded the prejudicial effect.*

Defendant, in his third contention, claims that the evidence introduced at the trial was insufficient to warrant his being convicted of felonious possession of marijuana. He argues that he did not have possession of the marijuana after receiving it from Niedringhaus because he lacked the requisite amount of control to satisfy the possession requirement. Defendant also submits that based on previous transactions, his intent, if any, was to possess

---

* In the present case, it is important to note that the case was tried to the court without a jury. There is a presumption that the court, in reach-

ing its final decision, considered only evidence that was competent and relevant. *State v. Brown*, 285 N.W.2d 843, 845 (S.D.1979).

slightly less than one-half pound of marijuana. Accordingly, he contends that his motion to reduce the initial charge to attempted possession of marijuana should have been granted by the trial court.

In *State v. Jenner*, 434 N.W.2d 76, 81 (S.D.1988), we stated:

Sufficiency of trial evidence rests on whether the evidence, if believed by the [finder of fact], is sufficient to find guilt beyond a reasonable doubt. In making such a determination, this court will accept evidence and the most favorable inferences that can be fairly drawn from that evidence will support the guilty verdict.

If the evidence supports a rational theory of guilty, we will not set aside a verdict. *Id.; State v. Ashker*, 412 N.W.2d 97, 105 (S.D.1987).

■■■■ The term "possession" is not statutorily defined in South Dakota. We believe that possession signifies dominion or right of control over a controlled substance or marijuana with knowledge of its presence and character. *See State v. Wellner*, 318 N.W.2d 324 (S.D.1982) (*citing State v. Kietzke*, 85 S.D. 502, 186 N.W.2d 551 (1971)); *People v. Maliskey*, 77 Mich. App. 444, 258 N.W.2d 512 (1977); *State v. Reeves*, 209 N.W.2d 18 (Iowa 1973). Possession can be either actual or constructive (*State v. Morris*, 331 N.W.2d 48, 53 (N.D. 1983)) and need not be exclusive. *Wellner*, 318 N.W.2d at 332. "An individual has actual possession of a controlled substance [or marijuana] if, for example, it is found on his person." *Morris*, 331 N.W.2d at 53. When a person has dominion or control over either the narcotics or the premises upon which the narcotics were found, constructive possession is shown. *See State v. Garcia*, 216 Neb. 769, 345 N.W.2d 826 (1984); *State v. Foster*, 196 Neb. 332, 242 N.W.2d 876 (1976).

The record in the present case indicates that defendant had actual, physical possession of the marijuana and that he exercised dominion and control over it when he removed it and himself from Niedringhaus' automobile and advanced toward his vehicle. It matters little, if any, that defendant's possession was brief since it appears to have been complete.

■■■■ Finally, we find little merit in defendant's argument that there was no evidence from which it could be inferred that he knew the marijuana which he possessed weighed more than one-half pound. A reading of SDCL 22–42–6 indicates that knowledge of the weight of marijuana is not an essential element of the crime of possession. The statute provides, in pertinent part:

No person may knowingly possess marijuana.

\*   \*   \*   \*   \*   \*

It is a Class 6 felony to possess one-half pound but less than one pound of marijuana. . . .

The gravamen of the offense with which defendant was charged is knowing possession. Defendant does not, nor could he, argue that he unknowingly possessed the marijuana in the present case. Therefore, we believe that sum of the evidence adequately supports a rational theory of guilt.

The decision of the trial court is affirmed.

MORGAN and HENDERSON, JJ., concur.

SABERS and MILLER, JJ., specially concur.

SABERS, Justice (specially concurring).

The defendant has the burden of proof of establishing entrapment as a defense to the crime. Defendant must show police inducement and no predisposition to commit the crime. In determining predisposition, the facts surrounding the transaction are relevant. *State v. Moeller*, 388 N.W.2d 872 (S.D.1986), *aff'd on rehearing*, 396 N.W.2d 320 (S.D.1986) (*Moeller I*). Evidence of prior drug dealings with Feeney are clearly admissible despite the statement in the majority (*citing State v. Nelsen*, 89 S.D. 1, 9, 228 N.W.2d 143, 148 (1975)), that:

We recognize that a defendant's previously committing similar crimes, reputation of being engaged in the commission of such crimes, or being suspected by the

police of criminal activities is not admissible on the issue of entrapment.

The evidence of prior drug dealing with Feeney was relevant, material, and part of the facts surrounding the *charged* transaction. This evidence was highly relevant and material to the issue of entrapment and predisposition to commit the crime *as raised* by the defendant. There is no need to consider the "independent grounds" of "prior bad acts" under SDCL 19–12–5 or to strain to admit them thereunder.

I am authorized to state that MILLER, J., joins this special concurrence.