2004 SD 67

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Vernon W. BARRY, Defendant and Appellant.**

**No. 22985.**

Supreme Court of South Dakota.

Considered on Briefs March 22, 2004.

Decided May 19, 2004.

Lawrence E. Long, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellee.

Thomas M. Diggins, Pennington County Public Defender's Office, Rapid City, South Dakota, Attorneys for defendant and appellant.

PER CURIAM.

[¶ 1.] Vernon Barry contends there was insufficient evidence to support his conviction for possession of more than two ounces but less than one-half pound of marijuana beyond a reasonable doubt. Because the record supports joint con-

structive possession of the marijuana beyond a reasonable doubt, we affirm.

## FACTS

[¶ 2.] Rapid City law enforcement received information concerning drug sale and usage occurring at a trailer house where Barry and LouAnn Thudium resided. A search warrant was obtained and executed by law enforcement. The search of the residence uncovered a large quantity of drugs and drug related paraphernalia. Particularly, (1) pipes used for smoking methamphetamine and containing methamphetamine residue; (2) four scales; (3) six individually packaged baggies containing methamphetamine; (4) over two hundred baggies used for packaging drugs for distribution; (5) six-hundred fifty five dollars in cash in Barry's billfold, even though he was unemployed; (6) photographs of individuals consuming drugs; (7) devices for ingesting marijuana; (8) surveillance equipment; (9) portable police scanners; (10) a recipe for manufacturing methamphetamine; and (11) more than two ounces of marijuana. These items were found disbursed throughout the residence occupied jointly by Barry and Thudium.

[¶ 3.] Marijuana was found in a container in Thudium's purse which was located on the bed in the jointly occupied bedroom. In addition to the marijuana, the purse contained a digital scale, and twelve large and twenty six small baggies. A container of marijuana was also found in a dresser in the same bedroom. The bedroom contained both Barry's and Thudium's personal items. Also present in the bedroom were marijuana pipes with residue, devices for ingesting methamphetamine, zip lock baggies, another digital scale, a monitor for a surveillance system, methamphetamine under a pillow on the bed and a police scanner. This was the only room being used as a bedroom in this trailer home. The marijuana in the purse weighed 52.3 grams; the marijuana in the dresser weighed 13.3 grams. A urinalysis test conducted on Barry was positive for the presence of methamphetamine but negative for marijuana.

[¶ 4.] Barry was tried by the court and found guilty of possession of a controlled substance (methamphetamine) with intent to distribute, keeping a place for use or sale of a controlled substance, possession of more than two ounces of marijuana but less than one-half pound, and possession of drug paraphernalia. Barry appeals contending there was insufficient evidence to support his conviction for possession of more than two ounces of marijuana beyond a reasonable doubt.

## ANALYSIS

### ISSUE

[¶ 5.] **Whether there was sufficient evidence to support Barry's conviction for possession of more than two ounces but less than one-half pound of marijuana beyond a reasonable doubt.**

[¶ 6.] In determining the sufficiency of evidence on appeal, the test is whether there is evidence in the record which, if believed by the [trier-of-fact], is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making this determination, this Court must accept the most favorable inferences that can be drawn therefrom in support of the verdict. *State v. Schmiedt*, 525 N.W.2d 253, 254–55 (S.D.1994). Furthermore, [i]n determining the sufficiency of the evidence, this Court will not resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence. No guilty verdict will be set aside if the evidence, including circumstantial evidence and reasonable infer-

ences drawn therefrom, sustains a reasonable theory of guilt. *State v. Knecht*, 1997 SD 53, ¶ 22, 563 N.W.2d 413, 421.

[¶ 7.] Barry contends there was insufficient evidence that he possessed the requisite amount of marijuana to support the conviction beyond a reasonable doubt. He argues that the marijuana in his live-in girlfriend's purse could not be attributed to him on this record and the trial court erred as a matter of law in determining otherwise. Unless the two quantities of marijuana are aggregated, the State has failed to prove the requisite amount to support the conviction for possession of more than two ounces of marijuana.[1]

[¶ 8.] In finding Barry guilty of possessing more than two ounces of marijuana the trial court stated:

Count III, the marijuana count, you don't have to use the marijuana to knowingly possess it. It's in your house, it's in two different places in your house. There's some [sic] in the drawer and there's some in the girlfriend's purse. Whether or not he uses it isn't the criteria. Whether he has THC in his system isn't the criteria. *The criteria is whether he knew or should have known that it was there.*[2] And I can't imagine how he couldn't have known it was there. It's his home. I believe the State brought up constructive possession. And it appears to me, at the very least he had constructive possession. You don't want to call it actual possession. It wasn't in his hand, but it was certainly in his home. And it wasn't in his home by a transient, or somebody coming and going from the home. It's been attributed by the defense that it was somebody living in the home. And, of course, the

Court makes that finding beyond a reasonable doubt.

(emphasis added). Thereafter, the trial court entered findings of fact and conclusions of law on this issue and determined that:

A person is in possession of a controlled substance, when it is subject to that person's dominion or if the person had the right to exercise control over it. Possession need not be exclusive. The possession may be shared with others. A defendant must be shown to have knowingly been in possession of a controlled substance. The mere fact that a person is near a location or had access to a place where methamphetamine or marijuana is found is not, by itself, sufficient proof of possession. SD Pattern Jury Instruction 1–11–8.

The elements of Count 3, each of which the State must prove beyond a reasonable doubt, are at the time and place alleged the defendant possessed more than two ounces but less than one-half pound of marijuana. The court concludes that the defendant shared, knowing possession of the marijuana, and he is guilty beyond a reasonable doubt.

[¶ 9.] The term 'possession' is not statutorily defined in South Dakota. *State v. Goodroad*, 442 N.W.2d 246, 251 (S.D.1989). This Court has held that possession signifies dominion or right of control over a controlled substance or marijuana with knowledge of its presence and character. *Id.* Consequently, possession can either be actual or constructive and need not be exclusive. *Id.* When a person has dominion or control over either the narcotics or the *premises* upon which nar-

---

1. Two ounces is approximately 56 grams.

2. The trial court's oral findings incorporated the incorrect legal standard; however, the trial court recited the correct standard in its findings of fact and conclusions of law.

cotics were found, constructive possession is shown. *Id.* (emphasis added).

[¶ 10.] If the narcotics are found on the premises rather than on the defendant, the State must prove that the defendant had control of the premises in order to permit the inference that the defendant had knowledge and control over the narcotics. *People v. McCoy,* 295 Ill. App.3d 988, 230 Ill.Dec. 78, 692 N.E.2d 1244, 1249 (1998). However,

> where the accused has not been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the substances on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements *or circumstances from which a [trier-of-fact] might lawfully infer knowledge by the accused of the presence of the item on the premises.*

*State v. Reeves,* 209 N.W.2d 18, 22 (Iowa 1973) (emphasis added).[3] *See also State v. Brown,* 670 N.W.2d 432 (Iowa App.2003)(unpublished opinion)(sustaining conviction for possession when item found in a dresser of a bedroom containing defendant's personal items).

[¶ 11.] Such possession may be proved by circumstantial evidence. *McCoy,* 230 Ill.Dec. 78, 692 N.E.2d at 1249. The existence of constructive possession turns on the peculiar facts of each case. *State v. Webb,* 648 N.W.2d 72, 80 (Iowa 2002).

> A number of factors may support a finding that a defendant had knowledge of the presence of drugs and the right to exercise control over them as well as access and control of the place and premises where the drugs are found. Such factors include incriminating statements made by the defendant, incriminating actions of the defendant upon the police's discovery of drugs among or near the defendant's personal belongings, the defendant's fingerprints on the packages containing the drugs, *and any other circumstances linking the defendant to the drugs.*

*Id.* (emphasis added). Barry concedes that he exercised joint control over the premises here. Therefore, in determining the sufficiency of the evidence to support his conviction for possession of marijuana we must determine whether the evidence presented at trial, including circumstantial evidence and the reasonable inferences therefrom, sustained a lawful inference that Barry knew of the presence of the marijuana on the premises.

[¶ 12.] There is extensive evidence in the record to support the trial court's determination that Barry knew of the presence of the marijuana on the premises beyond a reasonable doubt. Marijuana was found in two separate places within the jointly occupied bedroom, a container in Thudium's purse and in a dresser. Found in that same bedroom were Barry's and Thudium's personal items, marijuana pipes with residue, devices for ingesting methamphetamine, zip lock baggies, a digital scale, a monitor for a surveillance system, methamphetamine and a police scanner. Moreover, openly present in the entire home were obvious indications of drug activity. There was no evidence that Thudium was in the business of distributing marijuana, separate and apart from Barry. All this is confirmed by Barry's concession at trial that he kept a place for use or sale of controlled substances and possessed drug paraphernalia.

---

**3.** *State v. Reeves* was cited by this Court as authority in *Goodroad,* 442 N.W.2d at 251.

[¶ 13.] Viewed individually this evidence may not establish Barry's possession of the marijuana beyond a reasonable doubt. However, when this same evidence is viewed collectively it supports the trial court's determination that Barry constructively possessed the marijuana beyond a reasonable doubt. *See State v. LaPlante,* 2002 SD 95, ¶ 37, 650 N.W.2d 305, 314 (determining that obvious evidence of drug activity in the basement of mother and father's home by their sons supported a finding that mother and father had knowledge of drug use, storage and sale occurring in the home). The trier-of-fact is "permitted to consider the circumstances surrounding the discovery of the drugs." *United States v. Flores,* 362 F.3d 1030 (8th Cir.2004)(upholding drug convictions based on constructive possession of methamphetamine found in the spare tire of a vehicle in light of evidence of a close relationship and drug conspiracy between driver and passenger of the vehicle). *See also United States v. Lee,* 356 F.3d 831, 837 (8th Cir. 2003) (holding evidence establishing the intent of the defendants to distribute drugs also permits the inference they intended to exercise dominion over them to demonstrate constructive possession). The evidence presented at trial, including circumstantial evidence, and the reasonable inferences therefrom, support the trial court's determination that Barry was guilty of possession of more than two ounces but less than one-half pound of marijuana beyond a reasonable doubt.

[¶ 14.] Affirmed.

[¶ 15.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, ZINTER and MEIERHENERY, Justices, participating.

