#26285-a-JKK

**2013 S.D. 59**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                    Plaintiff and Appellee,

  v.

DAVID DUANE WHEELER,                      Defendant and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE ROBIN J. HOUWMAN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

BETHANNA M. FEIST
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                          and appellee.


KENNETH M. TSCHETTER of
Nicholson, Tschetter, Adams
 & Nicholson
Sioux Falls, South Dakota                 Attorneys for defendant
                                          and appellant.

* * * *

                                          CONSIDERED ON BRIEFS
                                          ON APRIL 22, 2013

                                          OPINION FILED **07/31/13**

KONENKAMP, Justice

[¶1.]     David Wheeler appeals his convictions for possession of marijuana and drug paraphernalia.

## Background

[¶2.]     On January 15, 2011, around 2:00 a.m., after twelve shots of tequila each, Wheeler and his girlfriend, Nateema Lewis, quarreled in Lewis's apartment. A neighbor called 911.  Law enforcement officers arrived to find Lewis and Wheeler disorderly and intoxicated.  Officer Joseph Martyna took Wheeler outside, arrested him for domestic disturbance, and placed him in the patrol car.  With the car's video camera activated, the officer asked Wheeler about the events of that night. Unwilling even to reveal his name, Wheeler at times was calm and polite, and at others, tearful, screaming racial slurs, and slamming his head on the security screen.  But he had something he wanted to get off his chest.  Referring to his girlfriend's apartment, Wheeler told the officer, "You need to check that house for drugs, now. . . .  Let me tell you exactly where."  He described a half pound of marijuana "bagged up" in ounces, along with a scale.  He said the "weed" was near Lewis's bed in the basement bedroom.  It was not his, he claimed; it belonged to "that bitch," telling the officer to check the baggies for fingerprints.

[¶3.]     Officer Martyna relayed to Officers Cullen McClure and Jason Holbeck what Wheeler had told him.  The officers went downstairs and Officer McClure saw a marijuana baggie on the floor next to the couch.  Lewis admitted it was hers.  She gave consent to search the apartment.  In the basement bedroom, Officer Holbeck pulled out the bottom dresser drawer of one of the dressers.  Below the drawer was

a large bag of marijuana containing five smaller baggies of marijuana. The dresser drawer held men's clothing. Officer McClure found a box of baggies with Lewis's name written on it. When asked, Lewis insisted the marijuana was Wheeler's.

[¶4.]     Both Wheeler and Lewis were indicted for (1) possession of marijuana with the intent to distribute in violation of SDCL 22-42-7; (2) possession of more than two ounces, but less than one-half pound of marijuana in violation of SDCL 22-42-6; and (3) possession of drug paraphernalia in violation of SDCL 22-42A-3. In exchange for dismissal of all other charges, Lewis pleaded guilty to misdemeanor possession of marijuana and agreed to testify against Wheeler.

[¶5.]     At trial, Lewis told the jury that on the day before the incident at her apartment, she was riding with Wheeler when he stopped at an apartment complex, went inside, and came out with marijuana. She and Wheeler returned to her apartment and divided, weighed, and bagged it. It was Wheeler's, she said, but she had not known where he put it in her apartment. She testified that she and Wheeler had recently restarted their relationship and that they had been living together. He had stayed in her apartment the previous four nights, and the men's clothing found in the dresser was his.

[¶6.]     The jury found Wheeler guilty of possession of more than two ounces but less than one-half pound of marijuana and possession of drug paraphernalia, but not guilty of possession with the intent to distribute.

## Analysis and Decision

[¶7.] On appeal, Wheeler maintains that the jury had insufficient evidence to find that he possessed the marijuana. "In measuring the sufficiency of the evidence, we ask 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Brim*, 2010 S.D. 74, ¶ 6, 789 N.W.2d 80, 83 (quoting *State v. Klaudt*, 2009 S.D. 71, ¶ 14, 772 N.W.2d 117, 122). "'[W]e accept the evidence and the most favorable inferences fairly drawn therefrom, which will support the verdict.'" *Id.* (quoting *State v. Jensen,* 2007 S.D. 76, ¶ 7, 737 N.W.2d 285, 288) (alteration in original). *See State v. Stark,* 2011 S.D. 46, ¶ 21, 802 N.W.2d 165, 172. Whether the State produced sufficient evidence to sustain the conviction is a question of law reviewed de novo. *State v. Jucht,* 2012 S.D. 66, ¶ 18, 821 N.W.2d 629, 633.

[¶8.] Knowingly possessing marijuana is a criminal offense. SDCL 22-42-6. "'[P]ossession signifies dominion or right of control over . . . marijuana with knowledge of its presence and character.'" *State v. Barry,* 2004 S.D. 67, ¶ 9, 681 N.W.2d 89, 92 (quoting *State v. Goodroad,* 442 N.W.2d 246, 251 (S.D. 1989)). Possession can be constructive and mutual, and therefore, need not be actual or exclusive. *Id.*

[¶9.] It is undisputed that when Officer Holbeck found the marijuana, it was not in Wheeler's physical possession. And Lewis was listed as the apartment's only tenant. Relying on these facts, Wheeler argues that the State failed to produce evidence that he had dominion or right of control over the marijuana. He contends

that all the evidence that he exercised such dominion came from Lewis's testimony. Because Lewis was an accomplice, her testimony alone was insufficient to sustain a conviction. *See* SDCL 23A-22-8. Accomplice testimony must be corroborated by other evidence tending to connect the accused with the offense. *Id.* Corroboration is sufficient if it tends to affirm the accomplice's testimony and establish the accused's guilt. *State v. Talarico*, 2003 S.D. 41, ¶ 39, 661 N.W.2d 11, 24.

[¶10.] Here, the State had to prove that Wheeler had some access to and control of the location where the marijuana was found to permit the inference that he had knowledge of and control over the substance. *See Barry,* 2004 S.D. 67, ¶ 10, 681 N.W.2d at 93. "'[W]here the accused has not been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the substances on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof.'" *Id.* (quoting *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973)). Sufficient proof may include incriminating statements or actions accompanying discovery of the illicit substance, finding the substance with or near the accused's personal belongings, and any other circumstances linking the accused to the substance. *Id.* ¶ 11 (citing *State v. Webb*, 648 N.W.2d 72, 80 (Iowa 2002)).

[¶11.] Wheeler assuredly had knowledge of the presence of the marijuana and its character. He described for Officer Martyna specifically how much marijuana was in the apartment, where it was, how it was packaged, and the paraphernalia that accompanied it. On Wheeler's ability to control the marijuana, the jury heard testimony that he went to an apartment the day before to get it. He

and Lewis then divided, measured, and placed the marijuana in baggies. Officer Holbeck testified that he found the marijuana under a dresser drawer in the bedroom where Wheeler said it was located. The dresser drawer contained men's clothing. Lewis claimed the clothing was Wheeler's and that Wheeler had moved into her apartment four days earlier when he arrived from Rapid City.

[¶12.]     Jurors were not required to conclude that *either* Wheeler *or* Lewis possessed the marijuana. Wheeler had at least joint control over the dresser where the marijuana was found and thus joint control over the marijuana. Aside from Lewis's testimony on the issue of control, Wheeler's knowledge of the specific character and location of the marijuana coupled with it being found below a dresser drawer with men's clothing in the apartment he resided in established a corroborative nexus between Wheeler and the marijuana sufficient to sustain his convictions.

[¶13.]     Affirmed.

[¶14.]     GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.